People v Ramos (2018 NY Slip Op 06039)





People v Ramos


2018 NY Slip Op 06039


Decided on September 12, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 12, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

SHERI S. ROMAN, J.P.
JEFFREY A. COHEN
ROBERT J. MILLER
JOSEPH J. MALTESE, JJ.


2015-07623
 (Ind. No. 742/14)

[*1]The People of the State of New York, respondent,
v
Daniel S. Ramos, appellant.


N. Scott Banks, Hempstead, NY (Tammy Feman and Dori Cohen of counsel), for appellant.
Madeline Singas, District Attorney, Mineola, NY (Tammy J. Smiley and Brian Witthuhn of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Nassau County (Teresa K. Corrigan, J.), rendered July 24, 2015, convicting him of criminal sexual act in the first degree and endangering the welfare of a child, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of those branches of the defendant's omnibus motion which were to suppress physical evidence and his statements to law enforcement officials.
ORDERED that the judgment is affirmed.
We agree with the hearing court's determination to deny that branch of the defendant's omnibus motion which was to suppress a statement that he made to law enforcement officials at the scene of the subject crimes because he was not the subject of custodial interrogation at that time (see People v Vidal, 44 AD3d 802; People v Thomas, 174 AD2d 447; cf. People v Gamble, 129 AD2d 470). We also agree with the hearing court's determination that the police had probable cause to arrest the defendant based on his statement and the accusations of the complainant and her mother (see People v Mendoza, 49 AD3d 559; People v Bellow, 255 AD2d 450; People v Haynes, 251 AD2d 595). Moreover, the record supports the hearing court's determination to deny that branch of the defendant's omnibus motion which was to suppress his statement made at the police station. The statement was made voluntarily after the defendant knowingly, intelligently, and voluntarily waived his Miranda rights (see Miranda v Arizona, 384 US 436; People v Currie, 131 AD3d 1265; People v O'Malley, 282 AD2d 884). Contrary to the defendant's contention, a buccal swab of his cheek was properly obtained following his lawful arrest and upon his consent (see Schneckloth v Bustamonte, 412 US 218; People v Kuhn, 33 NY2d 203; People v Bowen, 229 AD2d 954; People v Delosh, 195 AD2d 769; People v Osburn, 155 AD2d 926).
The Supreme Court providently exercised its discretion in determining that the then seven-year-old complainant was competent to give sworn testimony. The examination of the child revealed that she knew the difference between telling the truth and telling a lie, promised to tell the truth, and indicated that she would be punished if she lied (see CPL 60.20[2]; People v Nisoff, 36 NY2d 560, 566; People v Mendoza, 49 AD3d 559; Matter of James N., 19 AD3d 1047; People v McIver, 15 AD3d 677).
Contrary to the defendant's contention, because defense counsel assailed the testimony of the complainant on cross-examination as a recent fabrication, the Supreme Court [*2]correctly admitted the prior consistent statement of the complainant on direct examination of a law enforcement witness (see People v McDaniel, 81 NY2d 10, 18; People v Walsh, 289 AD2d 517; People v Wilens, 198 AD2d 463).
The Supreme Court providently exercised its discretion in denying defense counsel's motion to recall the complainant's mother to testify because defense counsel sought to cross-examine her about a matter that was collateral and would have caused delay (see People v Cordero, 306 AD2d 9; People v Samuels, 119 AD2d 706).
The defendant's contention that the Supreme Court failed to provide a meaningful response to a jury note is without merit. The jury note requested "to hear the 911 call from [the complainant's mother] or the transcript, if it was on record. If it's on the record, can we see/hear it." It is undisputed that the court informed the jury that no 911 call or transcript of that call was part of the evidence in the case. Therefore, the court's response to the jury note was appropriate.
The record does not support the defendant's contention that the Supreme Court acted with bias against him in its evidentiary rulings (see People v Argentieri, 66 AD3d 558; People v Casey, 61 AD3d 1011; People v Love, 307 AD2d 528; People v Maxam, 301 AD2d 791).
In fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383; People v Bleakley, 69 NY2d 490). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633).
The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
ROMAN, J.P., COHEN, MILLER and MALTESE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court